# EXHIBIT B

FILED
TARRANT COUNTY
5/2/2022 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

236-333340-22

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN PATRICK LOWE, BANKRUPTCY § <br> TRUSTEE FOR DIANA CENCETTI, § <br> WRONGFUL DEATH CLAIMANT § <br> Plaintiff, § <br> § <br> § <br> V. § <br> § <br> AGCO CORPORATION, MASSEY § <br> FERGUSON CORPORATION, § <br> AGCO MEXICO and COMERCIALIZA- § <br> DORA SAN GERMAN and AGCO § <br> Defendants. § <br> § <br> § | | IN THE DISTRICT COURT <br><br><br> ____ JUDICIAL DISTRICT <br><br><br><br><br><br><br><br> TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW Trustee John Patrick Lowe (the "Trustee"), as the duly appointed Chapter 7 Bankruptcy Estate Trustee for Diana Cencetti, Wrongful Death Claimant, and Real Party in Interest for the damages now claimed, and files this Plaintiff's Original Petition complaining of Defendants- AGCO Corporation, Massey Ferguson Corporation, AGCO Mexico, Comercializadora San German, S.A.de C.V., and AGCO, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff JOHN PATRICK LOWE is the duly appointed Chapter 7 trustee authorized to administer the bankruptcy estate of the Debtor Diana Cencetti. His business address is 2402

Page 1

East Main Street, Uvalde, Texas 78801.

3. Bankruptcy debtor and Wrongful Death claimant Diana Cencetti is an individual residing in Comal County, Texas. Her address is 196 E. Ammann Rd., Bulverde, Texas 78163.

4. Defendant AGCO Corporation is a foreign corporation doing business in the State of Texas and can be properly served through its registered agent of service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620, Austin, TX 78701. Issuance of Citation is requested at this time.

5. Defendant Massey Ferguson Corporation is a foreign corporation doing business in Georgia, Texas, and nationwide, and can be properly served by serving its registered agent Martin Richenhagen at 4205 River Green Pkwy, Duluth, Georgia 30096. Issuance of citation is requested at this time.

6. Defendant AGCO Mexico is a foreign corporation doing business in Mexico and can be properly served by serving its president Martin Richenhagen at Carretera Libre a Celaya km. 8.900 Fracc. Industrial Balvanera, Corregidora, Qro, CP 76809, Mexico, and/or through the provisions of the Hague Convention. Issuance of Citation is requested at this time.

7. Defendant Comercializadora San German S.A. de C.V. is a foreign corporation doing business in Texas and can be properly served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620, Austin, TX 78701. Issuance of Citation is requested at this time.

8. Defendant AGCO is believed to be a foreign or Texas entity doing business in Texas under this assumed business name, and now named under this assumed business name pursuant to Rule 28 of the Texas Rules of Civil Procedure, and we request that AGCO and/or other Defendants identify this business by its legal name and registered agent so that it may be

substituted in as a Defendant and served with citation and petition, pursuant to the Texas Rules of Civil Procedure.

9. Pursuant to Texas Rule of Civil Procedure 28, if any Defendants to this suit have been incorrectly named, such is mere misnomer which adequately identified the identity and role of such Defendants, or such parties are or were "alter-egos" of parties named herein, and they are instructed to answer suit in their proper names. In the event any further parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.

### III. JURISDICTION AND VENUE

10. Venue in Tarrant County, Texas is proper under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Defendant AGCO Corp. has its principal Texas Office located at 2115 Exchange Dr., Arlington, Tarrant Co., TX) 76011.

11. The subject matter in controversy is within the jurisdictional limits of this court.

12. The damages sought are within the jurisdictional limits of the court.

13. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for unlimited monetary relief over $1,000,000.00.

### IV. FACTS

14. On June 29, 2020, at approximately 11:39 p.m., Decedent David Maldonado was operating a compact vehicle when an 18-wheeler owned by Defendant Comercializadora San German S.A. de C.V. and operated by an employee of Defendant AGCO Mexico, an affiliated business of the U.S. AGCO corporation. Mr. Eder Bustos , (hereinafter "Driver" or "Bustos") and/or the employee or other agent of one of its subsidiaries, foreign or domestic, now named or

Page 3

presently unknown to Plaintiff, <u>unlawfully and negligently collided into Decedent David Maldonado's compact vehicle on Federal highway 101 Tula-Ciudad Victoria in the state of Tamaulipas, Mexico. after inexplicably crossing the Highway center line to strike Mr. Maldonado's vehicle head-on in a devastating and fatal collision. Strangely, Mexican authorities never charged Mr. Bustos with any crime, nor apparently even investigated him for potential charges, despite his illegal, recklessly hazardous, and in fact fatal conduct in crossing the center line in a commercial 18 wheeler.</u>

15. Plaintiff will further investigate the circumstances of this collision, and why charges against Mr. Bustos or any other party were apparently never pursued. Plaintiff suspects that local pressure was applied by one or more Defendants or their agents, acting jointly or singularly, and potentially in concert with other parties, foreign or domestic, to suppress any potential charges of investigation and in furtherance of their business interests. **Such conduct gives Plaintiff significant concern that he and Ms. Cencetti would not be able to obtain effective justice in a Mexican forum**.

16. <u>Plaintiff intends to conduct discovery on all such issues, including whether a cover up of this incident was orchestrated by Mexican or US persons, or both, and any related efforts to spoliate evidence, or suppress legal proceedings or investigations in an effort to avoid civil or criminal liability for any Defendant, or related persons.</u>

17. **The collision was massive, violent, and unexpected, and Decedent David Maldonado was announced dead at the scene as a result of the collision. Decedent Maldonado was the father of Ms. Diana Cencetti, on behalf of whose bankruptcy estate Trustee Lowe now brings this action.**

18. On February 8, 2021 (the "Petition Date"), Debtor Diana Cencetti filed her voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, making bankruptcy trustee Plaintiff John Patrick Lowe now the Real Party in Interest for this Action.

## V. CAUSES OF ACTION

19. The collision made the basis of this suit and the resulting injuries and damages to DIANA CENCETTI, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED, were proximately and directly caused by the negligent, and potentially grossly negligent, conduct of one or more Defendants, jointly or singularly, directly, or through their agent Mr. Eder Bustos, the Driver.

### A. DEFENDANT AGCO CORPORATION

20. Defendant AGCO CORPORATION had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. It is liable for the acts of its agent Driver through the doctrine of Respondeat Superior.

21. Plaintiff's injuries were proximately caused by Defendant AGCO Corporation's agent's negligent, careless, reckless, and potentially grossly negligent, disregard of said duty.
Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and/or gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Ms. Cencetti suffered, and which Ms. Cencetti will continue to suffer in the future.

22. As described herein, Defendant AGCO CORPORATION was negligent on the occasion in question and such negligence was the proximate cause of Ms. Cencetti's injuries and damages.

23. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as the decedent Mr. Maldonado,, such that Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of the decedent Mr. Maldonado, or others similarly situated, creating potential liability for Gross Negligence.

**B. DEFENDANT MASSEY FERGUSON CORPORATION**

24. Defendant MASSEY FERGUSON CORPORATION had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. It is liable for the acts of its agent Driver through the doctrine of Respondeat Superior.

25. Plaintiff's injuries were proximately caused by Defendant MASSEY FERGUSON CORPORATION's agent's negligent, careless, reckless, and potentially grossly negligent, disregard of said duty.

26. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and/or gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Ms. Cencetti suffered, and which Ms. Cencetti will continue to suffer in the future.

27. As described herein, Defendant MASSEY FERGUSON CORPORATION was negligent on the occasion in question and such negligence was the proximate cause of Ms. Cencetti's injuries and damages.

28. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as the decedent Mr. Maldonado,, such that Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of the decedent Mr. Maldonado, or others similarly situated, creating potential liability for Gross Negligence.

**C. DEFENDANT AGCO MEXICO**

29. Defendant AGCO MEXICO had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. It is liable for the acts of its agent Driver through the doctrine of Respondeat Superior.

30. Plaintiff's injuries were proximately caused by Defendant AGCO MEXICO agent's negligent, careless, reckless, and potentially grossly negligent, disregard of said duty.

31. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and/or gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Ms. Cencetti suffered, and which Ms. Cencetti will continue to suffer in the future.

32. As described herein, Defendant AGCO MEXICO was negligent on the occasion in question and such negligence was the proximate cause of Ms. Cencetti's injuries and damages.

33. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as the decedent Mr. Maldonado,, such that Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of the decedent Mr. Maldonado, or others similarly situated, creating potential liability for Gross Negligence.

### D. DEFENDANT COMERCIALIZADORA SAN GERMAN S.A. DE C.V.

34. Defendant COMERCIALIZADORA SAN GERMAN S.A. DE C.V. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. It is liable for the acts of its agent Driver through the doctrine of Respondeat Superior.

35. Plaintiff's injuries were proximately caused by Defendant COMERCIALIZADORA SAN GERMAN S.A. DE C.V.'s agent's negligent, careless, reckless, and potentially grossly negligent, disregard of said duty.

36. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and/or gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Ms. Cencetti suffered, and which Ms. Cencetti will continue to suffer in the future.

37. As described herein, Defendant COMERCIALIZADORA SAN GERMAN S.A. DE C.V. was negligent on the occasion in question and such negligence was the proximate cause of Ms. Cencetti's injuries and damages.

38. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as the decedent Mr. Maldonado, such that Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of the decedent Mr. Maldonado, or others similarly situated, creating potential liability for Gross Negligence.

**E. DEFENDANT AGCO**

39. Defendant AGCO had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. It is liable for the acts of its agent Driver through the doctrine of Respondeat Superior.

40. Plaintiff's injuries were proximately caused by Defendant AGCO agent's negligent, careless, reckless, and potentially grossly negligent, disregard of said duty.

41. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and/or gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Ms. Cencetti suffered, and which Ms. Cencetti will continue to suffer in the future.

42. As described herein, Defendant AGCO was negligent on the occasion in question and such negligence was the proximate cause of Ms. Cencetti's injuries and damages.

43. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as the decedent Mr. Maldonado, such that Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to

the rights, safety, or welfare of the decedent Mr. Maldonado, or others similarly situated, creating potential liability for Gross Negligence.

## VI.
## DAMAGES

44. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

45. As a result of the negligent, negligent *per se*, and/or grossly negligent conduct of one or more Defendants, Ms. Cencetti has suffered significant injuries, harm and damages stemming from the tragic and untimely loss of her father DAVID MALDONADO, deceased at a relatively young age, and all resulting damages. The injuries have had a serious effect on Ms. Cencetti's life, health, and well-being. Because of the acts and/or omissions by Defendants, Ms. Cencetti suffered damages within the jurisdictional limits of the Court, which include, but are not limited to, the following:

    (a) **Pecuniary Loss**—The past and future loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding the loss of inheritance, that Ms. Cencetti would have, in reasonable probability, received from DAVID MALDONADO, Deceased, had he lived;

    (b) **Loss of Companionship and Society**—The past and future loss of the positive benefits flowing from the love, comfort, companionship, and society that Ms. Cencetti would have, in reasonable probability, received from DAVID MALDONADO, Deceased, had he lived;

    (c) **Mental Anguish**—The past and future emotional pain, torment, and suffering experienced by Ms. Cencetti because of the wrongful and untimely death of DAVID MALDONADO, Deceased;

    (d) **Loss of Inheritance**—The loss of the present value of the assets that DAVID MALDONADO, Deceased, in reasonable probability, would have added to the Estate and left at natural death to Ms. Cencetti;

Page 10

(e) **Survival Damages**—The conscious physical pain and emotional pain, torment, and suffering experienced by DAVID MALDONADO, Deceased, before his death as a result of the occurrence in question, in addition to any past medical and/or funeral expenses related to DAVID MALDONADO, Deceased; and

(f) **Exemplary Damages**—Plaintiff is entitled to exemplary damages because Defendants caused the death of DAVID MALDONADO, Deceased, by a type of aggravated conduct which Plaintiffs will prove supports such damages.

For the reasons set forth above, Plaintiff seeks an amount a jury determines to be fair and reasonable within the jurisdictional limits of this Court and for which they sue. Pursuant to Texas Rule of Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

## VII.
## TEX. R. CIV. P. § 193.7 NOTICE

46. Pursuant to TEX. R. CIV. P. § 193.7, Plaintiff hereby give notice of intent to utilize items produced in discovery against the producing party.

## VIII.  REQUEST FOR NOTICE OF CRIMINAL CONVICTIONS

47. Pursuant to Rule 609 of the Texas Rules of Civil Evidence, request is hereby made for written notice of intent to use evidence of a conviction, if any, against any of the witnesses named by any party as persons with knowledge of relevant facts. Sufficient advance written notice of intent to use such evidence is requested to provide a fair opportunity to contest the use of such evidence. Said notice is requested not later than thirty (30) days before trial.

## IX.  ELECTRONIC SERVICE

48. Plaintiff requests that service of pleadings, orders, and notices in this cause be made

electronically upon their counsel of record and team at: jkitchens@johnkitchenslaw.com and paralegal2@johnkitchenslaw.com. Plaintiff reserves the right to amend the service address byproviding written notice to all parties of record.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited according to law to appear and answer herein, and that upon final trial, Plaintiffs have judgment against Defendants as follows:

(a) An award of actual damages;

(b) An award of exemplary damages;

(c) An award of pre-judgment interest;

(d) An award of post-judgment interest and court costs; and

(e) All other relief the Court determines is just under the circumstances, whether in law or in equity.

Respectfully submitted,

KITCHENS LAW FIRM, PC

By: _/s/ John C. Kitchens_
John C. Kitchens
Texas Bar No. 00796893
2901 Bee Caves Rd., Bldg. L, Box E
Austin, Texas 78746
Tel. (512) 476-1176
Fax. (512) 476-1910
jkitchens@johnkitchenslaw.com

and

THE STEWART LAW FIRM, PLLC

By: /s/ Stephen W. Stewart
Stephen W. Stewart
State Bar No. 50511607
sws@thestewartlawfirm.net

Ryan P. Teel
State Bar No. 24095630
rt@thestewartlawfirm.net
2800 South IH-35
Suite 165
Austin, Texas 78704
Phone: (512) 326-3200
Fax: (512) 326-8228

*Counsel for Plaintiffs*